[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13940
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 6, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-23440-STB


HUGH CHRISTOPHER HODGE,

Plaintiff - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, et al.,

Defendants,

DR. BALMIR,
in his individual capacity,
FLORIDA DEPARTMENT OF CORRECTIONS BOARD OF
COMMISSIONERS,
FLORIDA DEPARTMENT OF CORRECTIONS-REGIONAL DIRECTOR,
SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
Director,
FLORIDA CORRECTIONAL MEDICAL AUTHORITY, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 6, 2012)

Before HULL, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Hugh Hodge, a federal prisoner, appeals the summary judgment against his claims that Dr. Carl Balmir, a prison physician, acted with deliberate indifference to Hodge's pain in violation of his civil rights, 42 U.S.C. § 1983, and that officials of the Florida Department of Corrections violated the Americans With Disabilities Act by delaying and denying Hodge access to medical services, id. § 12132. The district court ruled that Balmir did not act with deliberate indifference to Hodge's medical needs and that Hodge failed to establish that he qualified for relief under the Disabilities Act. We affirm.

The district court did not err when it entered summary judgment in favor of Balmir. Hodge failed to establish that he had an objectively serious medical need that Balmir knowingly or recklessly disregarded. See Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). Hodge complained of pain from injuries suffered in a car accident and from injuries to and a later surgery on his knee and tibia, and

Balmir prescribed several medications to address Hodge's complaints of pain. Balmir also instructed Hodge that, if he was in "acute pain . . . [not] to wait for sick call[,]" which could "take 24, 72 hours," and instead to go "to the infirmary" for medication. Hodge argued that Balmir acted with deliberate indifference by prescribing primarily Tylenol III when it was less effective than hydrocodone, but "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [does not] support a claim of cruel and unusual punishment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). Hodge's expert witness, Dr. John Clark, criticized Balmir for failing to "grade or evaluate" Hodge after he reported that Tylenol III was ineffective, but Balmir testified that Hodge refused to undergo an examination to assess his level of pain. Balmir testified that he prescribed that Hodge "should be treated with stronger medication than Tylenol . . . [during the] acute pain early postoperative period," but be "wean[ed] . . . off controlled medications such as opiates." Balmir determined that Tylenol III was an appropriate medication after conferring with Hodge's hand surgeon, who had recommended that Hodge receive treatment for drug dependence because he had been exaggerating his level of pain. Hodge failed to create a genuine dispute about whether Balmir's decision was anything "more than a medical judgment call." Rogers v. Evans, 792 F.2d 1052, 1060 (11th

3

Cir. 1986).

The district court also did not err when it entered summary judgment in favor of the prison officials. To be eligible for relief under the Disabilities Act, Hodge has to establish that he is a "qualified individual with a disability," 42 U.S.C. § 12132, because he has a physical impairment that "substantially limits one or more . . . major life activities," id. § 12102(1)(A), and that he has been "excluded from participation in or . . . denied the benefits of the services, programs, or activities of a public entity," id. § 12132. Hodge failed to establish that there existed a genuine issue of material fact about whether his physical impairment was substantial or limiting. See Harris v. H & W Contracting Co., 102 F.3d 516, 522–23 (11th Cir. 1996). Hodge testified that his physicians had told him his impairments limited him substantially in the major life activity of walking, but the district court correctly concluded that it could not consider inadmissible hearsay in ruling on the motion for summary judgment. Macuba v. Deboer, 193 F.3d 1316, 1322–23 (11th Cir. 1999). Hodge also failed to establish a genuine dispute about whether he was excluded from or denied treatment for his injuries. The prison officials submitted substantial evidence about their treatment for Hodge's injuries, which included use of wheelchairs and braces, medication, surgery, and consultation and rehabilitation with medical personnel outside the

4

prison.  Hodge fails to argue that he was denied any service, program, or activity needed to treat his injuries.

We **AFFIRM** the summary judgment in favor of Balmir and officials of the Florida Department of Corrections.